The judgment of the.courtvwas pronounced hy
Eustis C. J.
Thisiisian action'byithe consignee of'fiveieases of looking* glasses shipped on board ’the ship Emblem in Liverpool for New Orleans, for the recovery of damages alleged to have ibeemcaused by the careless and improper handling and storage of the articles in the course of their transportation. The plaintiff had judgment, and the-defendants have appealed.
In the consideration of this case, we do not heed the opinion of the port wardens as to the cause of the damage, inasmuch as we have all the facts before us in which their opinion was formed. The filets as to the exterior condition of the cases stated by them, we do not understand the bill of exceptions taken by the defendant’s counsel as embracing. It is, therefore, not necessary furtherto notice the bill of exceptions.
*706 It is conclusively proved, that the cases were delivered in Liverpool to the mate of the ship under proper caution, as to their handling and contents, and that there were printed directions on the outside in these words, “glass, with care, this edge to be kept uppermost.” No serious question appears to be made as to their condition when put under the charge of the carrier.
The evidence in the case is quite contradictory, and the learned judge of the district court has determined, that the only satisfactory conclusion that can be drawn from it is, that the glass was broken while it was in the custody of the defendants.
The cases were examined in the plaintiff’s store and the glass was found broken. The defendants contend, that the breakage was caused by the transportation of the cases in a common dray, from the ship to the plaintiff’s store, and that they ought to have been carried in a furniture cart. But it is, we think, proved that the cases bore external marks of violence which must have occurred on board the ship. The glass, in one of the cases, was broken to pieces on board the ship, and we think the district judge right in assigning the injury to the glass in all the cases, to the same cause.
Under the general rule, we think, the burthen of proof of the cause of the damage rested with the defendants. They have entirely failed in their proof in this respect. Shackelford v. Wilcox, 9 L. R. 59. Code, 2725.
The judgment of the district court is therefore affirmed, with costs.